UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEPHRET R. HARVEY                           CIVIL ACTION

VERSUS                                        NO. 19-12891

JASON KENT, WARDEN                            SECTION "A"(4)

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).[1]

## I.    Factual and Procedural Background

The petitioner, Stephret R. Harvey ("Harvey"), is a convicted inmate incarcerated in the Dixon Correctional Institute in Jackson, Louisiana.[2] On March 13, 2014, Harvey was indicted by an Orleans Parish Grand Jury for the November 21, 2000 aggravated rape and aggravated kidnapping of K.L. and the June 13, 2003 aggravated rape and aggravated kidnapping of M.S.[3] At the time of indictment, Harvey was serving consecutive sentences of seven years and twelve years after his 2004 convictions for unrelated simple robbery and simple kidnapping charges.[4]

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 1

[3] St. Rec. Vol. 2 of 4, Indictment, 3/13/14; St. Rec. Vol. 1 of 4, Grand Jury Return, 3/13/14.

[4] Rec. Doc. No. 1, p. 9.

Harvey entered a plea of not guilty to the charges on May 16, 2014.[5] The record does not indicate the factual details of the rapes and kidnappings at issue. Nevertheless, on January 22, 2018, Harvey withdrew his not guilty plea and, pursuant to a plea agreement, entered pleas of guilty to two amended counts of forcible rape and two amended counts of second degree kidnapping.[6] The state trial court sentenced Harvey on January 23, 2018, to serve 40 years in prison at hard labor on each count to run concurrently.[7]

Harvey's conviction was final under federal law thirty (30) days later, on February 22, 2018, when he did not seek reconsideration of the sentence or pursue a direct appeal.[8] *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); *see Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the period for seeking leave to file a notice of appeal under La. Code Crim. P. art. 914[9]).

On April 2, 2018, Harvey submitted an application for post-conviction relief to the state trial court asserting the following grounds for relief:[10] (1) counsel was ineffective for failure to file a motion to quash the indictment based on untimely scheduling of trial and because of the

---

[5]St. Rec. Vol. 2 of 4, Minute Entry, 5/16/14.

[6]St. Rec. Vol. 2 of 4, Indictment, 3/13/14 (as amended 1/22/18); St. Rec. Vol. 1 of 4, Plea Minutes, 1/22/18; Waiver of Constitutional Rights, Plea of Guilty, 1/22/18; Plea Transcript, 1/22/18.

[7]St. Rec. Vol. 1 of 4, Sentencing Minutes, 1/23/18.

[8]The transcript and plea form reflect that Harvey knowingly waived his right to appeal. St. Rec. Vol. 1 of 4, Plea Transcript, p. 11, 1/22/18; Waiver of Constitutional Rights, Plea of Guilty, 1/22/18.

[9]The *Cousin* court recognized that failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of that period, citing *State v. Counterman*, 475 So.2d 336, 338 (La. 1985). At the time of *Cousin*, La. Code Crim. P. art. 914 required a criminal defendant to move for leave to appeal within five (5) days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence. Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide thirty (30) days for filing of the notice of appeal.

[10]St. Rec. Vol. 1 of 4, Application for Post-Conviction Relief, 4/6/18 (dated 4/2/18).

untimeliness, the trial court lacked jurisdiction to accept his plea, which he would not have entered had counsel advised him that that the speedy trial time had expired; and (2) his rights against double jeopardy were violated because the rapes and related kidnappings were separately charged but arose from the same series of events.

On September 18, 2018, after receiving additional briefing from Harvey and the State, the state trial court denied the application.[11]  The state trial court held that, while the State had two years from indictment to commence trial, the granting of multiple defense and joint motions for continuance acted to extend the speedy trial period past the date of Harvey's guilty plea.  The court concluded that counsel had no basis to file a motion to quash and was not ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984).[12]

On November 11, 2018, the Louisiana Fourth Circuit Court of Appeal denied Harvey's writ application seeking review of the state trial court's ruling on the ineffective assistance of counsel/trial court jurisdiction claims.[13]  On September 17, 2019, the Louisiana Supreme Court denied Harvey's related writ application holding that he failed to show that he received ineffective assistance of counsel under *Strickland*.[14]

## II.    Federal Petition

On September 27, 2019, the clerk of this Court filed Harvey's federal petition for habeas corpus relief in which he asserts that his counsel was ineffective for failure to file a motion to quash the indictment based on the expiration of the speedy trial time and because of the

---

[11]St. Rec. Vol. 2 of 4, Trial Court Order, 9/12/18; Trial Court Order, 4/10/18; State's Response, 5/11/18; Trial Court Order, 6/22/18; St. Rec. Vol. 1 of 4, Supplement to Application, undated.

[12]St. Rec. Vol. 2 of 4, Trial Court Order, 9/12/18.

[13]St. Rec. Vol. 3 of 4, 4th Cir. Order, 2018-K-0925, 11/29/18; 4th Cir. Writ Application, .

[14]*State v. Harvey*, 278 So.3d 958 (La. 2019); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2019-KH-00001, 9/17/19; La. S. Ct. Writ Application, 19-KH-0001, 1/2/19 (dated 12/10/18).

untimeliness, the state trial court lacked jurisdiction to accept the guilty plea, which he would not have entered had counsel advised him that the speedy trial time had expired.[15]

The State filed a response in opposition asserting that Harvey's ineffective assistance of counsel claim is uncorroborated and otherwise without merit based on the legitimate delays in the state trial court.[16]  In his reply to the State's opposition, Harvey again asserts that he would not have entered the guilty plea had he known that the speedy trial period had expired and his counsel failed to advise him of that or move to quash the prosecution.[17]

## III.   General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[18] applies to Harvey's petition deemed filed in this Court under the mailbox rule on September 25, 2019.[19]  The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies

---

[15]Rec. Doc. No. 1.

[16]Rec. Doc. No. 10.

[17]Rec. Doc. No. 13.

[18]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes are effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[19]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes.  *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court filed Harvey's petition on September 27, 2019, when it was received and the case was opened on October 29, 2019, when Harvey paid the filing fee after denial of pauper status.  Harvey dated his signature on the memorandum in support of his form petition on September 25, 2019.  This is the earliest date appearing in the record on which he could have handed his pleadings to prison officials for mailing to a federal court.  The fact that he later paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition.  *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002).

and must not be in "procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State concedes that Harvey's petition was timely, state court review of his claims is exhausted, and his claims are not in procedural default.  For the reasons that follow, Harvey is not entitled to federal habeas corpus relief.

## IV.    <u>Standards of a Merits Review</u>

The standard of review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, is governed by § 2254(d) and the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362 (2000).  It provides different standards for questions of fact, questions of law, and mixed questions of fact and law.

A state court's determinations of questions of fact are presumed correct and the Court must give deference to the state court findings unless they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d)(2) (2006); *see Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption. 28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), as amended by the AEDPA.  The standard provides that deference be given to the state court's decision unless the decision is "contrary to or involves an unreasonable application of clearly established federal law" as determined by the United States Supreme Court. *Hill*, 210 F.3d at 485.  The "critical point" in determining the Supreme Court rule to be applied "is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so

obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *White v. Woodall*, 572 U.S. 415, 427 (2014) (citing *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). "Thus, 'if a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not 'clearly established at the time of the state-court decision.'" *White*, 572 U.S. at 426 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 666 (2004)).

A state court's decision can be "contrary to" federal law if: (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 405-06, 412-13; *Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Hill*, 210 F.3d at 485. A state court's decision can involve an "unreasonable application" of federal law if it correctly identifies the governing rule but then applies it unreasonably to the facts. *White*, 572 U.S. at 426-27; *Williams*, 529 U.S. at 406-08, 413; *Penry*, 532 U.S. at 792.

The Supreme Court in *Williams* did not specifically define "unreasonable" in the context of decisions involving unreasonable applications of federal law. *See Williams*, 529 U.S. at 410. The Court, however, noted that an unreasonable application of federal law is different from an incorrect application of federal law. *Id*. "'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly.'" *Price v. Vincent*, 538 U.S. 634, 641 (2003) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002)) (brackets in original); *Bell v. Cone*, 535 U.S. 685, 699 (2002).

Thus, under the "unreasonable application" determination, the Court need not determine whether the state court's reasoning is sound, rather "the only question for a federal habeas court is

whether the state court's determination is objectively unreasonable." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner. *Price*, 538 U.S. at 641 (quoting *Woodford*, 537 U.S. at 24-25); *Wright v. Quarterman*, 470 F.3d 581, 585 (5th Cir. 2006). In addition, review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## V.   <u>SPEEDY TRIAL</u>

Part of Harvey's unsuccessful post-conviction arguments before the state courts included his claim that the state trial court lacked jurisdiction to commence trial or accept his guilty plea because the speedy trial period had expired prior to January 22, 2018, when he entered the guilty plea. While the State's opposition and the state courts' rulings do not directly address this question, it is clear that the state courts resolved that the speedy trial period provided under Louisiana law had not expired before Harvey entered his guilty plea on January 22, 2018.[20] State courts are not required to give written reasons for each claim addressed for AEDPA standards in order for the decision to be deemed adjudicated on the merits. *Harrington*, 562 U.S. at 100-01.

In addressing Harvey's ineffective assistance of counsel claim, the state trial court held that, pursuant to La. Code Crim. P. art. 578(A)(2), the State had two years from indictment to bring Harvey to trial on the non-capital felony offenses.[21] However, pursuant to La. Code Crim. P. art. 580, at least four continuances requested or joined by Harvey acted to extend the Article 578 time period. The state trial court specifically referenced continuances granted on January 23, 2015; July 28, 2015; May 24, 2016; and March 27, 2018, finding that each continuance added one year

---

[20]*See* St. Rec. Vol. 2 of 4, Trial Court Order, 9/12/18.

[21]St. Rec. Vol. 2 of 4, Trial Court Order, 9/12/18.

for the State to commence Harvey's trial for speedy trial purposes.  Because of this, the speedy trial period ended after Harvey entered his guilty plea.  This was the last reasoned state court opinion to specifically address Louisiana speedy trial laws.  *See Wilson v. Sellers*, __ U.S. __, 138 S. Ct. 1188, 1192 (2018) ("We hold that the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale . . . then presume that the unexplained decision adopted the same reasoning.").

To the extent Harvey claims that the state trial court lost jurisdiction under state law to preside over his case when his speedy trial time expired, he has not stated a cognizable federal claim.  Federal courts on habeas review do "not sit as [a] 'super' state supreme court" to review errors in the application of state law.  *Accord Wilkerson v. Whitley*, 16 F.3d 64, 67 (5th Cir. 1994); *Mason v. Stanart*, 520 F. App'x 242 (5th Cir. 2013); *see also Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (federal habeas review does not lie for errors of state law); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").  Instead, this Court on federal habeas review must focus on Harvey's claim that he was denied his federal speedy trial rights.

The Sixth Amendment guarantees every person accused of crime the right to a speedy trial.  *Amos v. Thornton*, 646 F.3d 199, 204 (5th Cir. 2011).  Whether a defendant has been deprived of his right to a speedy trial is a mixed question of law and fact.  *Id*. at 204; *Divers v. Cain*, 698 F.3d 211, 216 (5th Cir. 2012).  Therefore, to obtain federal habeas relief, petitioner must show that the state court's decision denying his claim was contrary to or an unreasonable application of Supreme Court precedent.  The court also must consider that, "due to the somewhat indeterminate and fact-intensive nature of the speedy trial right, our 'always-substantial deference is at an apex.'"  *Divers*, 698 F.3d at 217 (quoting *Amos*, 646 F.3d at 204-05).

In *Barker v. Wingo*, 407 U.S. 514, 530 (1972), the Supreme Court recognized that "[i]t is . . . impossible to determine with precision when" a specific trial delay crosses the line and becomes unconstitutionally long. *Barker*, 407 U.S. at 521; *Laws v. Stephens*, 536 F. App'x. 409, 412 (5th Cir. 2013). The Supreme Court declared that " '[t]he right of a speedy trial is necessarily relative,'" and required the courts to apply "a functional analysis of the right in the particular context of the case [.]" *Id*. at 522 (citation omitted). Courts must consider and balance the following factors: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right to speedy trial; and (4) prejudice to the defendant. *Barker*, 407 U.S. at 530; *Amos*, 646 F.3d at 205 (citing *Goodman v. Quarterman*, 547 F.3d 249, 257 (5th Cir. 2008)); *Doggett v. United States*, 505 U.S. 647, 651 (1992). No single factor is necessary or sufficient to establish a violation. *Id*. at 533.

To the extent Harvey may complain about any pre-indictment delay in his state court prosecution, he does not state a claim that would entitle him to federal habeas corpus relief. As the Supreme Court has explained:

> In *United States v. Marion*, 404 U.S. 307 [. . .] (1971), this Court considered the significance, for constitutional purposes, of a lengthy preindictment delay. We held that as far as the Speedy Trial Clause of the Sixth Amendment is concerned, such delay is <u>wholly irrelevant</u>, since our analysis of the language, history, and purposes of the Clause persuaded us that only 'a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge . . . engage the particular protections' of that provision. *Id*., at 320 [. . .].

*United States v. Lovasco*, 431 U.S. 783, 788-89 (1977) (emphasis added).

Harvey, therefore, has no basis to assert such a claim on habeas review. The Court instead will consider the *Barker* factors outlined above to address Harvey's challenge to the post-indictment delays addressed in his state post-conviction application and this federal petition.

Under the first *Barker* factor, the Court must consider the length of the delay in Harvey's case. As referenced by Harvey's state trial court, Louisiana has a statutory configuration controlling a defendant's speedy trial rights. *State v. Ladmirault*, 286 So.3d 1206, 1213 (La. App.

4th Cir. 2019) (citing *State v. Andrews*, 255 So.3d 1106, 1113 (La. App. 4th Cir. 2018)).  Under La. Code Crim. P. art. 578(A)(2), the State had two years from commencement of the prosecution to begin Harvey's trial on his non-capital felony charges.  *Id*. at 1213-14.  For purposes of speedy trial in Louisiana, a prosecution commences "on the date of filing of the indictment, or the filing of a bill of information, or affidavit, which is designed to serve as the basis of a trial."  La. Code Crim. P. art. 934(7).

In Harvey's case, he was indicted on these charges on March 13, 2014, and he concedes this to be the relevant commencement date in his case.  This is consistent with federal law that prescribes that calculating time under the first *Barker* factor begins with "either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment."  *Dillingham v. United States*, 423 U.S. 64, 65 (1975) (per curiam).

Thus, Harvey was indicted by an Orleans Parish Grand Jury on March 13, 2014, and the State had two years from that date, or until Monday, March 14, 2016,[22] to bring him to trial. Harvey was not called to trial (at which he entered his guilty plea) until January 22, 2018.  Thus, Harvey has made a threshold showing of significant delay sufficient to trigger a full *Barker* analysis.  *See Amos*, 646 F.3d at 206.

The second *Barker* factor considers the reasons for the delay.  *Id*. at 207.  A court gives different weight to different reasons, and "delays explained by valid reasons or attributable to the conduct of the defendant weigh in favor of the state."  *Id*.

---

[22]The last day of the period was Sunday, March 13, 2016, which left the deadline to fall on the next business day, Monday, March 14, 2016.  *See* La. Code Crim. P. art. 13; Fed. R. Civ. P. 6.

Louisiana law provides several valid reasons for delay, which include resolution of pretrial motions filed by the defendant and trial continuances requested or joined by the defendant. La. Code Crim. P. art. 580(A). Specifically, the two-year time limit to commence trial is suspended by La. Code Crim. P. 580(A) "[w]hen a defendant files a motion to quash or other preliminary plea . . . until the ruling of the court thereon . . ." *See State v. Joseph*, No. 2018-0867, 2019 WL 1284579, at *3 (La. App. 4th Cir. Mar. 20, 2019); *Ladmirault*, 286 So.3d at 1206.

Louisiana jurisprudence provides that a "preliminary plea" under Article 580(A) "is any plea filed after prosecution is instituted, but before trial, that causes the trial to be delayed," including motions to suppress, motions for continuance filed by defendant, and joint motions for continuance. *State v. Ramirez*, 976 So.2d 204, 208 (La. App. 4th Cir. 2008). In addition, when a suspension occurs, "the state must commence the new trial within one year from the date the cause of interruption no longer exists." *Id.* (*quoting* La. Code Crim. P. art. 583) (emphasis added). The Louisiana courts apply these provisions to give the State one year from the granting of each defense pretrial plea/motion and/or defense or joint motion for continuance. *Id.*; *Ladmirault*, 286 So.3d 1206. This is consistent with what the state trial court did when denying Harvey's post-conviction application.

The record reflects that Harvey's counsel filed several motions before and after March 14, 2015, (the original speedy trial deadline) which legitimately extended the speedy trial period. For example, on July 11, 2014, the state trial court granted Harvey a twenty-one (21) day continuance to file substantive defense motions.[23] The motions eventually were filed and were ruled on by the court on August 14, 2014.[24] Under Louisiana law outlined above, the State had one year from that

---

[23] St. Rec. Vol. 1 of 4, Minute Entry, 7/11/14.

[24] St. Rec. Vol. 1 of 4, Minute Entry, 8/14/14.

date, or until August 14, 2015, to bring Harvey to trial.  Nevertheless, at that hearing, the state trial court set trial for November 18, 2014, which was within the new speedy trial parameters.

The state trial court later granted joint continuances related to unspecified pretrial hearings on October 10, 2014 and November 7, 2014.[25]  Afterwards, on the November 18, 2014 trial date, Harvey's defense counsel filed a motion to exclude DNA evidence; the state trial court set the motion for hearing on January 23, 2015.[26]  Under Louisiana law, speedy trial time again was suspended pending resolution of this motion.  *See* La. Code Crim. P. art. 580(A).

On January 23, 2015, the state trial court granted a thirty-three (33) day joint motion to continue the hearing on the pretrial defense motion until February 26, 2015.[27]  Because Harvey was not transported to court, several additional delays occurred and eventually the state trial court denied Harvey's pretrial DNA exclusion motion on March 24, 2015.[28]  The state trial court did not reschedule trial at this time.  Nevertheless, under Louisiana law, the State had one year from that date or until March 24, 2016, to bring Harvey to trial.  *Id*.

After several other pretrial hearings, on April 30, 2015, the state trial court finally reset trial for July 28, 2015, within the modified speedy trial period that otherwise would end on March 24, 2016.[29]  However, on July 28, 2015, the state trial court granted the defense's motion for continuance of trial.[30]  The granting of this defense motion extended the speedy trial period for one year, or until July 28, 2016.

---

[25]St. Rec. Vol. 1 of 4, Minute Entry, 10/10/14; Minute Entry, 11/7/14.

[26]St. Rec. Vol. 1 of 4, Minute Entry, 11/18/14.

[27]St. Rec. Vol. 1 of 4, Minute Entry, 1/23/15.

[28]St. Rec. Vol. 1 of 4, Minute Entry, 3/24/15.

[29]St. Rec. Vol. 1 of 4, Minute Entry, 4/30/15.

[30]St. Rec. Vol. 1 of 4, Minute Entry, 7/28/15.

At a pretrial conference, held September 4, 2015, Harvey's counsel withdrew as counsel and other counsel was present when the court rescheduled a pretrial conference and set a hearing on a prosecution motion for October 23, 2015.[31]  No new trial date was scheduled at that time.

At a subsequent pretrial conference, held February 19, 2016, Harvey was offered a plea deal that he rejected.[32]  That same day, the state trial court scheduled trial for May 24, 2016, a date still within the renewed speedy trial time which would end July 28, 2016.  However, on May 24, 2016, the state trial court granted another joint motion to continue the trial without date, thereby suspending the speedy trial date for at least one year or until May 24, 2017.[33]

At an August 23, 2016 conference, the State offered Harvey another plea deal which he rejected, but the offer remained open until October 31, 2016.[34]  The state trial court, thereafter, scheduled several pretrial conferences at which either Harvey or his counsel failed to appear. Finally, on November 28, 2016, the state trial court again set trial for March 27, 2017, a date that was still within the latest speedy trial period which would end May 24, 2017.[35]  However, on March 27, 2017, the state trial court granted another joint motion to continue the trial to August 7, 2017.[36]  The granting of that joint motion extended the speedy trial period for one year or until March 27, 2018.

Nevertheless, on August 7, 2017, the state trial court was forced to continue the trial because of an unrelated, ongoing trial.[37]  Harvey's case eventually was called to trial again on

---

[31]St. Rec. Vol. 1 of 4, Minute Entry, 9/4/15.

[32]St. Rec. Vol. 1 of 4, Minute Entry, 2/19/16.

[33]St. Rec. Vol. 1 of 4, Minute Entry, 5/24/16.

[34]St. Rec. Vol. 1 of 4, Minute Entry, 8/23/16.

[35]St. Rec. Vol. 1 of 4, Minute Entry, 11/28/16.

[36]St. Rec. Vol. 1 of 4, Minute Entry, 3/27/17.

[37]St. Rec. Vol. 1 of 4, Minute Entry, 8/7/17.

November 6, 2017, but for an unspecified reasons, it was continued by the court until January 22, 2018.[38] This new trial date was still within the last renewed speedy trial period which would expire on March 27, 2018.

When Harvey's case was called to trial on January 22, 2018, his defense counsel filed another motion to continue the trial along with numerous other substantive pretrial motions.[39] Despite these filings, Harvey entered his plea of guilty that day.[40]

Based on these facts, relied on by the state courts, Harvey's speedy trial period was extended several times through March 27, 2018.  His guilty plea was entered prior to that date, on January 22, 2018.  The record reflects that the great majority of the delay periods and continuances were attributable to Harvey and his defense.  The record contains nothing to indicate that the State was primarily or purposefully responsible for any unnecessary delays in Harvey's state court criminal proceedings.  For these reasons, the second *Barker* factor does not resolve in Harvey's favor.

The third *Barker* factor examines whether the defendant "diligently asserted his speedy trial right."  *United States v. Parker*, 505 F.3d 323, 329 (5th Cir. 2007).  The record reflects that Harvey did not file a motion for a speedy trial at any time before he asserted the claim in his state court post-conviction application.  This factor also does not weigh in Harvey's favor.

Finally, the fourth *Barker* factor examines the prejudice to the petitioner because of the delay.  *Barker*, 407 U.S. at 530.  Typically, a habeas petitioner carries the burden to demonstrate actual prejudice; however, after reviewing the first three factors, a court must decide whether the petitioner still bears that burden or whether prejudice is presumed.  *See Amos*, 646 F.3d at 208.

---

[38]St. Rec. Vol. 1 of 4, Minute Entry, 11/6/17.

[39]St. Rec. Vol. 1 of 4, Minute Entry, 1/22/18.

[40]*Id.*

Harvey has not demonstrated that the above three factors warrant a presumption of prejudice in this case. While the delay went beyond the initial speedy trial period, valid reasons existed for the subsequent delays and a great majority of that time was attributable to Harvey's defense. Accordingly, for Harvey to prevail on a speedy trial claim, he must establish actual prejudice and demonstrate that prejudice adequately exceeds the other factors. *United States v. Frye*, 489 F.3d 201, 212 (5th Cir. 2007); *see also Amos*, 646 F.3d at 208 n.42 (no presumption of prejudice even when two of the first three *Barker* factors weighed in favor of petitioner).

Under *Barker*, prejudice is based on consideration of three interests: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern accompanying public accusation; and (3) to limit the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532. Of those, the most significant prejudice is the petitioner's ability to prepare his case without limitation. *Frye*, 489 F.3d at 212 (citing *Barker*, 407 U.S. at 532).

In this case, Harvey was already in jail serving a sentence on other felony charges when he was indicted on these charges. Thus, his pretrial incarceration and any accompanying anxiety are not a concern or prejudicial. Harvey also has made <u>no</u> showing that his ability to present a defense was impaired in any way by the delay in bringing him to trial or plea. He has not identified any witness or evidence that was unavailable as a result of the delay. Harvey has not made the required particularized showing of prejudice, and the fourth *Barker* factor is not in his favor.

For these reasons, Harvey has not shown that he suffered an unconstitutional delay in proceeding to a speedy trial on these charges (although he pleaded guilty to lesser offenses). He also has not shown that the state trial court somehow lost jurisdiction because the speedy trial period did not expire in his case.

The state courts' denial of relief on this claim was not contrary to or an unreasonable application of Supreme Court precedent.  Harvey is not entitled to relief.

## VI.    EFFECTIVE ASSISTANCE OF COUNSEL

Harvey claims that his counsel was ineffective for failure to file a motion to quash the indictment on grounds that the two-year speedy trial period expired before entry of his guilty plea. He also claims that counsel was ineffective for advising him to plead guilty without informing him that the speedy trial period expired, because had he known this, he would not have entered the plea.  The State alleges that Harvey's claim is meritless under *Strickland* because the speedy trial period was suspended during resolution of defense motions.

As addressed above, Harvey asserted this claim on state post-conviction review.  In the last reasoned opinion, the state trial court denied relief under *Strickland* finding that, based on the granting of defense or joint trial continuances, the speedy trial period had not expired under Louisiana law and Harvey's counsel had reason to file a motion to quash the indictment to which he enter his plea.

The issue of ineffective assistance of counsel is a mixed question of law and fact.  *Clark v. Thaler*, 673 F.3d 410, 416 (5th Cir. 2012); *Woodfox v. Cain*, 609 F.3d 774, 789 (5th Cir. 2010). The question for this Court is whether the state courts' denial of relief was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court.

The Supreme Court's holding in *Strickland* is the appropriate standard for judging the performance of counsel when a defendant enters a plea of guilty.  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  In *Strickland*, the Court established a two-part test for evaluating claims of ineffective assistance of counsel in which the petitioner must prove deficient performance and prejudice therefrom.  *Strickland*, 466 U.S. at 687.  The petitioner has the burden of proving ineffective

assistance of counsel by a preponderance of the evidence. *Montoya v. Johnson*, 226 F.3d 399, 408 (5th Cir. 2000); *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1992). In deciding ineffective assistance claims, a court need not address both prongs of the conjunctive *Strickland* standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test. *Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995).

Applying *Strickland* under *Hill* in the context of a plea, the deficiency prong is satisfied by a showing that "'counsel's representation fell below an objective standard of reasonableness.'" *Hill*, 474 U.S. at 57 (quoting *Strickland*, 466 U.S. at 687-88). "[I]t is necessary to 'judge . . . counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690). Petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. *Harrington*, 562 U.S. at 104 (citing *Strickland*, 466 U.S. at 689). "[I]t is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell*, 535 U.S. at 702 (citing *Strickland*, 466 U.S. at 689).

To prove prejudice, the defendant must show that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Bell*, 535 U.S. at 695 (quoting *Strickland*, 466 U.S. at 694); *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). In the context of a guilty plea, "[i]n order to satisfy . . . [Strickland's] 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Furthermore, "[t]he petitioner must 'affirmatively prove,' [and] not just allege, prejudice." *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009) (quoting *Strickland*, 466 U.S. at 693). In this context, "'[a] reasonable probability is a probability sufficient to

undermine confidence in the outcome.'" *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 694). This standard requires a "substantial," not just "conceivable," likelihood of a different result. *Harrington*, 562 U.S. at 112. Thus, conclusory allegations with no showing of effect on the proceedings do not raise a constitutional issue sufficient to support federal habeas relief. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)).

On habeas review, the Supreme Court has clarified that, in applying *Strickland*, "[t]he question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Harrington*, 562 U.S. at 105. The *Harrington* Court went on to recognize the high level of deference owed to a state court's findings under *Strickland* in light of AEDPA standards of review:

> The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id*. at 105 (citations and quotation marks omitted).

Thus, scrutiny of counsel's performance under § 2254(d) therefore is "doubly deferential." *Cullen*, 563 U.S. at 190 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009)). The federal courts must take a "highly deferential" look at counsel's performance under the *Strickland* standard through the "deferential lens of § 2254(d)." *Id*. (citing *Strickland*, 466 U.S. at 689 and quoting *Knowles*, 556 U.S. at 121 n.2).

Here, Harvey has failed to establish that his counsel's performance was deficient or prejudicial under *Strickland* and *Hill*. As detailed above, the speedy trial period in Harvey's case was legitimately suspended on several occasions resulting in a new speedy trial deadline of March

27, 2018.  Harvey entered his guilty plea on January 22, 2018, which was two months before that expiration date.  Furthermore, the record does not reflect any lapse in or expiration of the speedy trial period at any time during Harvey's criminal proceedings.  The many defense motions and defense or joint continuances acted to perpetually extend the speedy trial period without interruption.

For these reasons, counsel had no reason to file a motion to quash the indictment based on speedy trial grounds.  Counsel does not provide ineffective assistance by failing to assert a meritless motion.  *Evans v. Davis*, 875 F.3d 210, 218 (5th Cir. 2017) ("Obviously, counsel is not deficient for failing to make a meritless . . . motion."); *Darby v. Johnson*, 176 F.3d 479, 1999 WL 153045, at *2 (5th Cir. 1999) ("Trial counsel's failure to assert a meritless motion cannot be grounds for a finding of deficient performance."); *accord Soliz v. Davis*, 750 F. App'x 282, 293 (5th Cir. 2018) (quoting *Turner v. Quarterman*, 481 F.3d 292, 298 (5th Cir. 2007)).  Harvey has not shown error or deficient performance by his counsel in failing to file motion to quash based on an expired speedy trial period where not such expiration occurred.

For this same reason, counsel was not ineffective for allowing Harvey to enter the guilty plea on January 22, 2018, because the speedy trial period had not expired.  Under *Hill*, relief is only available if, but for counsel's error, the petitioner would not have entered the guilty plea.  It stands to reason that when there is no error by counsel, there is no deficient performance and no basis for an ineffective assistance of counsel claim.  *See Bass v. Dretke*, 82 F. App'x 351, 355 (5th Cir. 2003) (a finding that counsel made no error precludes an ineffective assistance of counsel claim under *Strickland*).

Therefore, the state courts' denial of relief on this claim was not contrary to or an unreasonable application of *Strickland* or *Hill*.  Harvey is not entitled to relief on this claim.

VII.    **Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that Harvey's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[41]

New Orleans, Louisiana, this 20th day of March, 2020.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[41]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.